NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEPHANIE P.,

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civil Action No. 21-12524 (GC)

**MEMORANDUM OPINION**

**CASTNER, District Judge**

    This matter comes before the Court on Plaintiff Stephanie P.'s ("Plaintiff")[1] appeal from the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying her request for disability insurance benefits. (*See generally* Compl., ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court affirms the Commissioner's decision.

**I.    BACKGROUND**

    In this appeal, the Court must determine whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

A.  **Procedural History**[2]

On September 28, 2017, Plaintiff filed an application for Title II Disability Insurance Benefits, alleging disability beginning March 1, 2013. (AR 11.) Plaintiff's claim was initially denied on November 2, 2017. (*Id.*) Thereafter, Plaintiff testified at a hearing before the ALJ on January 6, 2020. (*Id.*) After this hearing, on February 24, 2020, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled. (*Id.* at 28.) On April 20, 2021, the Social Security Administration's Appeals Council denied a request for review, making the ALJ Agency's decision final.[3] (*Id.* at 1-4.) This action followed. (*See generally* Compl.) On December 7, 2021, Plaintiff submitted her moving brief in this action. (*See generally* Pl.'s Moving Br., ECF No. 11.) The Commissioner opposed (Def.'s Opp'n Br., ECF No. 17), and Plaintiff replied (ECF No. 19).

B.  **The ALJ's Decision**

In the ALJ's February 24, 2020, written decision, the ALJ found that Plaintiff was not disabled under the prevailing Social Security Administration regulations. (*See generally* AR 13-28.) The ALJ set forth the Social Security Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 12-13.) At step one, the ALJ found that Plaintiff did not "engage in substantial gainful activity" during the relevant period. (*Id.* at 13.) At step two, the ALJ determined that Plaintiff suffered from some severe impairments, including: levodopa-responsive disorder with some suggestion of parkinsonism and dystonia and obesity.

---

[2] The Administrative Record ("AR") is located at ECF Nos. 5 through 5-7. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

[3] Any reference to "Agency" throughout refers to the Social Security Administration.

(*Id.*) The ALJ also determined that other impairments claimed by Plaintiff did not rise to the required level of severity and were categorized as non-severe. (*Id.* at 14-20).

While the ALJ did classify some impairments as severe, the ALJ concluded at the step-three analysis that none of Plaintiff's severe impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (*Id.* at 20.) The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, and do (or not do) the following: "occasionally climb a ramp or stairs, stoop, kneel, crouch, and crawl, but never balance or climb a ladder, rope, or scaffold. She [can] occasionally reach, handle, and finger with the left upper extremity. She can never be exposed to vibration or hazards." (*Id.* at 20-21.) At step four, the ALJ determined that Plaintiff was able to perform her past relevant work as a case aid. (*Id.* at 27.) The ALJ, consequently, found that Plaintiff was not under a disability from the date of the disability's onset through the date of last insured. (*Id.*)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions

for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted).

### B. Establishing Disability

To be eligible for disability insurance benefits, a claimant must be unable to "engage in any substantial gainful activity ("SGA") by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

For the first step, the claimant must establish that she has not engaged in any SGA since the onset of her alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant

must establish that she suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). If the first two steps are satisfied, the third requires the claimant to provide evidence that her impairment "meets or equals" an impairment listed in Appendix 1. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates sufficient evidence under the third step, she is presumed to be disabled and is automatically entitled to disability benefits. *See id.* If she cannot so demonstrate, however, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Under the fourth step, the ALJ determines whether the claimant's RFC permits her to resume her previous employment. *See* 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can continue the work that she performed pre-impairment, then she is not "disabled" and not entitled to disability benefits. *See* 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(g)(1).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with her RFC, age, education, and past work experience. *See id.*; *Malloy*, 306 F. App'x at 763. If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. *See* 20 C.F.R. § 404.1520(g)(1).

### III.   DISCUSSION

Plaintiff appeals the ALJ's decision and raises three main arguments in support of remand or reversal. (Pl.'s Moving Br. 13-18.) First, Plaintiff asserts that the ALJ failed to adequately consider the combination of all of Plaintiff's impairments. (*Id.* at 17). Second, Plaintiff alleges that the ALJ improperly ignored opinion evidence without adequate reasoning. (*Id.* at 13.) Third, Plaintiff claims that the ALJ did not properly assess Plaintiff's symptoms and failed to give adequate reasons for the determinations. (*Id.* at 16.)

As explained in detail below, the Court concludes that the ALJ's decision is supported by substantial evidence.

### A. The ALJ Properly Evaluated Plaintiff's Impairments in Combination.

Plaintiff asserts that the ALJ did not properly consider Plaintiff's combination of impairments in the analysis. (Pl.'s Moving Br. 17.) The ALJ stated that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 20.) Plaintiff argues that this statement was conclusory. (Pl.'s Moving Br. 17.) Plaintiff, however, ignores the pages of analysis that lead to the ALJ's conclusion. (*See* AR 13-27.)

The opinion of the ALJ is "read as a whole" to understand the factors considered in the decision. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Here, the ALJ conducted a full analysis of Plaintiff's impairments, symptoms, and medical history to reach this conclusion. (*See generally*, AR 13-27.) The ALJ noted that some of Plaintiff's non-severe impairments coincided with pregnancy, meaning they were temporary. (*See, e.g.*, AR 23.) Other non-severe conditions either resolved (the broken ankle), started after the date of last insured (the esophageal stricture), or were not consistently causing pain or discomfort as to drive Plaintiff to seek further medical attention (the Cervical and Lumbar Degenerative Disc Disease). (*Id.* at 14-18.) The ALJ's finding that Plaintiff's combination of impairments did not meet or medically equal the severity of the listed impairments was far from conclusory and was supported by substantial evidence.

### B. The ALJ Properly Evaluated the Opinion Evidence of Dr. Gonzalez.

Plaintiff contends that the ALJ failed to properly evaluate Dr. Pedro Gonzalez's ("Dr. Gonzalez") opinion and did not give reasons as to why the opinion was deemed unpersuasive. (Pl.'s Moving Br. 13-16.) Contrary to Plaintiff's assertions, the ALJ did properly consider the

opinion from Dr. Gonzalez and had substantial evidence to support the conclusion that the opinion was not persuasive.

Revised regulations, found at 20 C.F.R. § 404.1520c, significantly alter how the Social Security Administration considers medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15132-01 (Mar. 27, 2017)). The revised regulations have eliminated deference to the claimant's treating doctor and explain that ALJs will not assign specific evidentiary weight to any medical opinion. 82 Fed. Reg. at 5853; 20 C.F.R. § 404.1520c(a). Specifically, for claims filed on March 27, 2017, or later, as is the case here, the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ will evaluate the persuasiveness of a medical opinion based on the opinion's supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). These are the two most important factors in the analysis. *Id.* ALJs "may, but are not required to," explain how they considered other regulatory factors. *Id.*

Here, the ALJ properly discussed the supportability and consistency of the medical opinion. The ALJ specifically stated that the opinion of Dr. Gonzalez was not supported by his treatment notes and, thus, was inconsistent. (AR 27.) In Dr. Gonzalez's treatment notes, he "observed no tremor when [Plaintiff] was walking, that [Plaintiff] had an improved gait[,] and [Plaintiff's] stiffness improved when taking Sinemet." (*Id.*) The ALJ also noted that Dr. Gonzalez's opinion was inconsistent with the state agency medical experts as they believed Plaintiff "could lift [twenty] pounds occasionally, [ten] pounds frequently, stand or walk for [six]

hours in an [eight] hour work day, [and] sit for [six] hours in an [eight] hour work day . . . ." (AR 26.)

The ALJ properly considered the opinion evidence of Dr. Gonzalez according to the required standard and found that it was not persuasive considering other evidence in the record. (*See generally* AR 26-27.) The ALJ appropriately addressed the medical opinion evidence and gave his reasons, albeit briefly, for rejecting certain medical evidence. *See Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981) ("[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph" will suffice). The Court, accordingly, finds that the ALJ's conclusion that Dr. Gonzalez's opinion evidence was unpersuasive is supported by substantial evidence.

### C. The ALJ Properly Evaluated Plaintiff's Fatigue, Memory Impairment, and Concentration Problems.

Plaintiff asserts that the ALJ did not adequately consider Plaintiff's allegations of fatigue, memory impairment, and concentration problems. (Pl.'s Moving Br. 16.) Contrary to Plaintiff's assertions, the Court finds that the ALJ properly considered Plaintiff's claims along with medical evidence to support the conclusion that Plaintiff did not have severe mental impairments that would warrant disability status. (AR 18-20.)

In making this determination, the ALJ considered the four broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders. 20 C.F.R. Part 404, Subpart P, App. 1 § 12.02(B). *First*, the ALJ considered Plaintiff's understanding, remembering, or applying information. (AR 19.) The ALJ found that the medical record revealed intact memory and no other issues associated with this area. (*Id.* at 18-19.) *Second*, the ALJ considered Plaintiff's interacting with others. (AR 19.) The ALJ noted that Plaintiff did not allege any problem in this area. (*Id.*) On one occasion, Plaintiff appeared to be stressed, but this was when Plaintiff was not

taking any medications or undergoing any counseling as was recommended. (*Id.* at 18-19.) *Third*, the ALJ considered Plaintiff's concentrating, persisting, or maintaining pace. (*Id.* at 19.) The ALJ found a mild limitation in this functional area based on Plaintiff's testimony that her concentration was problematic.[4] (*Id.*) The ALJ noted, however, that "[t]he objective medical evidence reveal[ed] that [Plaintiff's] attention was intact." (*Id.*) *Fourth*, the ALJ considered Plaintiff's adapting or managing herself. (*Id.* at 20.) The ALJ also found a mild limitation in this area. (*Id.*) Plaintiff did not allege any problems in this functional area, but because the medical record indicated instances of increased stress (occurring without treatment), the ALJ found a mild limitation. (*Id.*) Because the ALJ found no more than a mild impairment in only two of the broad functional areas and "the evidence does not otherwise indicate that there is more than a minimal limitation in [Plaintiff's] ability to do basic work activities," the ALJ concluded that the impairments were nonsevere. (*Id.*)

The ALJ considered both Plaintiff's testimony and the medical record when evaluating Plaintiff's mental impairments. The ALJ's conclusion in this area is, accordingly, supported by substantial evidence.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court affirms the Commissioner's decision. An Order consistent with this Memorandum Opinion will be entered.

Georgette Castner
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[4] The ALJ has the discretion to consider Plaintiff's subjective testimony while also considering evidence, including medical evidence and treatment records, or other relevant evidence, that might discount the allegations made by Plaintiff. *See* 20 C.F.R. § 404.1529(c)(3).